# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Falcon Cliff, LLC, a Delaware limited liability company, | Case No. 2:24-cv-00694-RFB-DJA |
| Plaintiff, | **Order** |
| v. | |
| Wycoff Environmental Consulting, LLC, a Nevada limited liability company; Jenny Wycoff, an individual; et al., | |
| Defendants. | |

Before the Court is Plaintiff's *ex parte* motion to serve Defendants by way of substitute service. (ECF No. 11). Because the Court finds that Plaintiff's proposed alternative service methods are reasonably calculated to provide Defendants with notice and an opportunity to respond, it grants the motion.

**I.      Legal standard.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id*. Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id*. "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id*.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Federal Rule of Civil Procedure 4(h) provides that a corporation, partnership, or association located in a judicial district of the United States may be served in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by law to receive service of process. Under Nevada Rule of Civil Procedure 4.2(c)(1) a Nevada entity may be served by delivering a copy of the summons and complaint to the registered agent, any officer or director, or any manager of a manager-managed limited liability company.

Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Rule 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

(i) the due diligence that the plaintiff undertook to locate and serve the defendant; and
(ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant…

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B). Under Nevada Rule of Civil Procedure 4.4(b)(3), if the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Rule 4.4(d) and mail a copy of the summons and complaint as well as any order authorizing the alternative service to the defendant's last-known address. Nevada Rule of Civil Procedure 4.4(d) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the

commencement of the action by other methods like certified mail, telephone, voice message, email, social media, "or any other method of communication."

## II.  Discussion.

Plaintiff explains that it has attempted service at the Plaintiff Wycoff Environmental Consulting, LLC ("WEC") listed on the Nevada Secretary of State website and at WEC's business address.  However, the former was a UPS Store and the latter was a business address not occupied by WEC.  Plaintiff also sent a demand letter to jenny@wycoffenvironmental.com and hello@wycoffenvironmental.com, where Defendants receive emails, and received a confirmation of receipt, indicating that Defendants were aware of the suit.

WEC's registered agent and managing member is Defendant Jenny Wycoff, with a street address of 5352 Magnolia Crossing St., Las Vegas, NV 89148.  Plaintiff has attempted to serve both WEC and Wycoff at this address on multiple occasions.  However, Plaintiff's process server has been met with attempts by the occupants of the residence to evade service.

Plaintiff proposes the following methods of alternate service on Defendants:

> (1) affixing a copy of the complaint and summons to the front door of 5352 Magnolia Crossing St., Las Vegas, NV 89148, the address for WEC's registered agent and Wycoff as managing member; (2) emailing a copy of the complaint and summons to Jenny Wycoff at jenny@wycoffenvironmental.com and hello@wycoffenvironmental.com, which have been confirmed as valid email addresses; (3) mailing a copy of the complaint and summons via certified mail, return receipt requested to 5352 Magnolia Crossing St., Las Vegas, NV 89148; and (4) by publishing the summons and complaint in Nevada Legal News, which has circulation in Southern Nevada where Defendants are located.

(ECF No. 11 at 4).

The Court finds that Plaintiff's proposed methods of service are reasonably calculated to provide Defendants with notice and an opportunity to respond and that they comply with the alternative means of service identified by the Federal and Nevada Rules of Civil Procedure. Plaintiff has demonstrated its due diligence in locating and serving the Defendants and has demonstrated that no other means of personal service are possible.  The Court will also require

Plaintiff to mail a copy of this order to Defendants' last known addresses.  *See* Nev. R. Civ. P. 4.4(b)(3)(B).

**IT IS THEREFORE ORDERED** that Plaintiff's *ex parte* motion for leave to serve Defendants by way of substitute service (ECF No. 11) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendants by the methods it outlines in its *ex parte* motion.

**IT IS FURTHER ORDERED** that Plaintiff must also mail a copy of this order to Defendants' last known addresses.

DATED: July 15, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE